Rodger Frerk, Plaintiff-Appellee, v. Lou W. Frerk, also Known as Lou C. Frerk, Ruth Kelly, Herman Hess, and Henry Frerk Sons, Inc., an Illinois Corporation, Defendants-Appellants.

**Gen. No. 49,031.**

First District, First Division.

March 11, 1963.

Rehearing denied March 28, 1963.

Joseph W. Grady, of Chicago, for appellants.

Bishart and Synek, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This is an appeal by defendants from an interlocutory order appointing a receiver for defendant, Henry Frerk Sons, Inc.

After two complaints had been stricken, plaintiff filed a verified second amended complaint. Motion to strike this complaint was denied, and defendants were given 30 days to answer. Prior to the due-date for the answers, however, the court, by order, set the entire cause for a pre-trial hearing and for consideration of plaintiff's motion for a temporary injunction. As a result of this hearing the order in question was entered.

The second amended complaint alleged that: plaintiff owns half of the outstanding shares of defendant corporation and the individual defendants, between them, own the other half; no proper annual meeting of shareholders was held in 1960 because of the deadlock in voting power existing between plaintiff and defendants, and no directors were elected at that time; plaintiff was elected president of the corporation in 1959 and held over in that office until 1961 when he was elected director and was again elected president; defendant Lou W. Frerk claims to have been elected president in 1960, and as a result there are duplicate sets of corporate officers holding themselves out to the public as qualified to act for the corporation; the 1962 annual meeting of shareholders was postponed pending the outcome of this litigation.

The complaint further alleged that Lou W. Frerk has appropriated corporation money for her own use; has rented her own property to the corporation at excessive rental; has destroyed corporate records; has changed door locks to deny plaintiff access to the corporation office; and has otherwise committed illegal, oppressive or fraudulent acts, to the irreparable injury of the corporation.

Based on these two types of allegations, plaintiff seeks dissolution of the corporation under section 86 of the Business Corporation Act * (Ill Rev Stats, c 32, § 157.86), and asks for a receiver in the interim, and a temporary injunction to restrain the individual defendants from disposing of corporate assets or engaging in unauthorized activities on behalf of the corporation.

At the pre-trial hearing all parties were present and represented by counsel.** Extensive discussions were held over the whole range of the unfortunate family dispute, including the need for appointment of a receiver in view of the apparent deadlock which did

---

* That section provides, in part, as follows:
Courts of equity shall have full power to liquidate the assets and business of a corporation:
(a)   In an action by a shareholder when it is made to appear:
(1)   That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or
(2)   That the shareholders are deadlocked in voting power, and have failed, for a period which includes at least two consecutive annual meeting dates, to elect successors to directors whose term has expired or would have expired upon the election of their successors; or
(3)   That the acts of the directors or those in control of the corporation are illegal, oppressive, or fraudulent; . . .
** Defendant Lou W. Frerk was represented by two attorneys. It is argued by plaintiff that one of these attorneys suggested appointment of a receiver, but the record is not sufficiently complete in this regard to support this point.

not yield to settlement negotiations. The name of James E. Kennedy was mentioned as a possible receiver; the chancellor indicated he would attempt to get Mr. Kennedy's consent to act, and directed counsel to return the next day for entry of the order. This was done, and so far as the record discloses, all without objection on the part of any defendant or attorney.

■ Defendants now contend that the order should be reversed because there was no notice of the appointment of a receiver, and because the order did not comply with the statute providing for a bond to the adverse parties insuring the payment of any damages they might sustain by reason of the appointment and acts of the receiver in case the appointment were to be revoked or set aside. (Ill Rev Stats, c 22, § 54.) We note, parenthetically, that the same statute gives the chancellor discretion to appoint a receiver without such a bond.

We believe the record shows sufficient actual notice of the appointment of a receiver, and with the filing of this decision the question of a plaintiff's bond becomes moot for practical purposes. (Ill Rev Stats, c 22, § 54, c 110, § 78.) We need not decide these questions, however, because the points were not presented in the trial court for determination by the chancellor, and they, therefore, cannot properly be raised here. (Bothman v. Lindstrom, 221 Ill App 262, 272; Harris v. Coca-Cola Bottling Co., 35 Ill App2d 406, 411, 183 NE2d 56.)

■ Defendants' next contention is that a receiver could not properly have been appointed before they had filed their answer to the second amended complaint, putting the case at issue. We see no merit in this argument. As long ago as 1898 this court determined that question adverse to defendants' position when we said in Railton v. People, 83 Ill App 396, 397:

Counsel confuse the interlocutory control of the property, by appointment of a receiver pendente lite, with a final order determinative of the rights of the litigants. It is true that the interests of the appellant could not be finally disposed of in the suit until she had been given her right to be heard in defense. But here is no final adjudication. The court merely sought, by its interlocutory order, to preserve the estate until a final determination might be had.

See also Nartzik v. Ehman, 191 Ill App 71, 81; and 1954 Ill Law Forum 88.

■ In their final point, defendants argue that the order appointing the receiver is void because all matters sought to be adjudicated by the second amended complaint had been determined by the court's previous orders dismissing the complaint and first amended complaint with leave to plead further. Defendants invoke the principles of estoppel by judgment, estoppel by pleadings, collateral estoppel, estoppel by inconsistency of conduct and claims in judicial proceedings, and res adjudicata. As briefed by defendants, the gist of all these contentions is that the dismissal of his first two complaints prevents plaintiff from filing a third one, even though it may differ in some respects from the others; that he cannot make any similar allegations because the issues they raise have been decided against him, and he is estopped from making any different allegations.

This is a fallacious principle because there was no final judgment or order in the dismissal of the first two complaints. Furthermore, the previous orders had made no determination on the merits. In People v. Kidd, 398 Ill 405, the Supreme Court said at page 408, 75 NE2d 85:

The doctrine of res judicata, briefly stated, is that *a final judgment rendered by a court of com-*

405

*petent jurisdiction on the merits* is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (Emphasis supplied.)

We note that defendants did not claim in the trial court, nor do they claim in this court, that the appointment of the receiver was not in the best interest of all parties for the preservation of the corporation's assets pending determination of the rights of the warring shareholders. The chancellor was convinced, as we are, that it was to their best interest. In fact, the complaint appears to present a classical case of deadlock precisely within the contemplation of the statute on which its allegations are founded. If facts are put in issue by defendants' answer, the ultimate outcome will, of course, have to abide a full hearing, but on the record before us we conclude that the appointment of a receiver was a proper exercise of the chancellor's discretion.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.